IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACKBIRD TECH, LLC d/b/a ) | |
| BLACKBIRD TECHNOLOGIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 16-970-RGA |
| ) | |
| TADD, LLC, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Presently before the court in this patent infringement action is defendant TADD, LLC's ("TADD") motion to transfer venue to the Northern District of Illinois pursuant to 28 U.S.C. § 1400(b). (D.I. 25) For the following reasons, I recommend that the court grant TADD's motion to transfer venue to the Northern District of Illinois.

### II. BACKGROUND

Plaintiff Blackbird Tech, LLC ("Blackbird") is a Delaware corporation with its principal place of business in Concord, Massachusetts. (D.I. 1 at ¶ 1) Blackbird is the owner by assignment of all right, title, and interest in and to U.S. Patent No. 7,086,747 ("the '747 patent"). (*Id.* at ¶ 8) The '747 patent, which issued on August 8, 2006, is entitled "Low-Voltage Apparatus for Satisfying After-Hours Lighting Requirements, Emergency Lighting Requirements, and Low Light Requirements." (*Id.*) The '747 patent claims linear LED lighting products. (*Id.* at ¶ 10)

TADD is incorporated in Illinois and maintains its headquarters in Cary, Illinois. (*Id.* at ¶ 2) It is undisputed that TADD does not have a place of business in Delaware, it is not registered

to do business in Delaware, and it has no other meaningful connection to Delaware. (D.I. 25, Ex. A at ¶¶ 5-12; D.I. 32 at 1 ("Blackbird does not dispute that, under current law, this case could not be brought in the District of Delaware.")).

Blackbird filed this lawsuit on October 19, 2016, accusing TADD of infringing the '747 patent by making, using, offering to sell, selling, providing, maintaining, and/or supporting its allegedly infringing linear LED lighting products (the "Accused Products"). (*Id.* at ¶ 10; Ex. B) This matter was stayed and administratively closed on February 24, 2017 pending resolution of an appeal to the Federal Circuit in a related case. (D.I. 17) The Federal Circuit issued its opinion on July 16, 2018, and a petition for panel rehearing was made. On September 21, 2018, a mandate issued from the Federal Circuit enacting the July 16, 2018 opinion. (D.I. 21) The parties submitted a joint letter on February 5, 2019 requesting that the stay be lifted and requesting the setting of a scheduling conference. (*Id.*) The court entered an order lifting the stay on February 6, 2019. (D.I. 22) A scheduling conference was held on March 6, 2019. (D.I. 28)

### III. LEGAL STANDARD

Venue in a patent infringement action is governed by 28 U.S.C. § 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." This statute constitutes "the exclusive provision controlling venue in patent infringement proceedings and [is] not supplemented or modified" by the broader definition of "resides" in the general venue statute at 28 U.S.C. § 1391. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518 (2017) (internal quotation marks omitted). Federal Circuit law governs venue in patent infringement cases under

28 U.S.C. § 1400(b), and the plaintiff bears the burden of establishing proper venue. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

In accordance with the first prong of § 1400(b), the Supreme Court has held that a corporation resides only in its state of incorporation. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1520 (2017). Under the second prong of § 1400(b), venue is proper in a district where the defendant has "committed acts of infringement" and has a regular and established place of business. 28 U.S.C. § 1400(b). "[T]he regular and established place of business standard requires more than the minimum contacts necessary for establishing personal jurisdiction or for satisfying the doing business standard of the general venue provision." *In re Cray*, 871 F.3d 1355, 1361 (Fed. Cir. 2017). Accordingly, the phrase "regular and established place of business" creates three distinct requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Id.* at 1360.

Ordinarily, the defense of improper venue is waived if not timely raised in either a motion to dismiss filed pursuant to Rule 12(b)(3), or in the defendant's answer. Fed. R. Civ. P. 12(g)(2) & 12(h)(1). However, the Federal Circuit has held that the waiver provision of Rule 12(h) does not apply to a defendant asserting a venue objection based on *TC Heartland* that had not been made in a Rule 12(b) motion filed prior to the *TC Heartland* decision. *In re Micron Technology, Inc.*, 875 F.3d 1091, 1096, 1099-1100 (Fed. Cir. 2017). As the Federal Circuit explained: "[t]he venue objection was not available until the Supreme Court decided *TC Heartland* because, before then, it would have been improper, given controlling precedent, for the district court to dismiss or to transfer for lack of venue." *Id.* at 1096.

The Federal Circuit indicated that a district court may also utilize its inherent powers and standard procedural devices to find forfeiture of a venue challenge to facilitate "the just, speedy, and inexpensive resolution of disputes," in accordance with Federal Rule of Civil Procedure 1 and the Supreme Court's decision in *Dietz v. Bouldin*. *In re Micron*, 875 F.3d at 1100 (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016)). A timeliness challenge pursuant to these authorities is appropriate in the venue context because 28 U.S.C. § 1406(b) provides that "[n]othing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." 28 U.S.C. § 1406(b). Under the *Dietz* framework, the district court's use of its inherent power "must be a reasonable response to the problems and needs confronting the court's fair administration of justice[,]" and "cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *Dietz*, 136 S. Ct. at 1892 (internal citations and quotation marks omitted); *see also Micron*, 875 F.3d at 1100. A district court should exercise this authority "with caution[,]" resting its decision on "sound determinations of untimeliness or consent." *In re Micron*, 875 F.3d at 1101.

## IV.    ANALYSIS

Blackbird does not dispute that this action could not be brought in the District of Delaware following the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017). (D.I. 32 at 1) Instead, Blackbird argues that TADD waived its objection to venue. First, Blackbird contends that TADD waived its objection to venue by declining to pursue the venue defense raised in its answer to the complaint. (*Id.* at 3-4) TADD replies that, under pre-*TC Heartland* law, it was subject to personal jurisdiction and

4

venue in Delaware based on Blackbird's allegations that TADD marketed and sold accused products in Delaware. (D.I. 33 at 2)

TADD did not waive its venue challenge by failing to raise an affirmative defense of improper venue or by failing to move to dismiss the complaint pursuant to Rule 12(b)(3). The complaint asserts that venue is proper "pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b) and because [TADD] transacts business within this District and offers for sale in this District products that infringe [the '747 patent]." (D.I. 1 at ¶ 6) The complaint identifies TADD as an Illinois company based in Illinois, and does not allege that TADD has a physical address in Delaware. (*Id.* at ¶ 2) Thus, when the complaint asserts that venue is appropriate in accordance with § 1400(b), the residency requirement of § 1400(b) necessarily refers to the pre-*TC Heartland* case law stating that residency may be established through the alleged sales of accused products in Delaware, as required to establish personal jurisdiction in accordance with § 1391(c).[1] *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990) (concluding that § 1391(c) operates to define the term "resides" in § 1400(b)). Prior to *TC Heartland*, a motion to dismiss for improper venue based on lack of residency in Delaware would have been futile where, as here, the complaint alleges that the defendant marketed and sold infringing products in Delaware. *See In re Micron Tech., Inc.*, 875 F.3d 1091 (Fed. Cir. 2017); *T-Jat Sys. 2006, Ltd. v. Expedia, Inc. (DE)*, C.A. No. 16-581-RGA, 2018 WL 1525496, at *7 (D. Del. Mar. 28, 2018).

Blackbird also argues that TADD waived its venue objections by waiting until twenty-one months after the Supreme Court's decision in *TC Heartland* to file its motion to transfer

---

[1] By denying the propriety of venue in its answer, TADD denied that the products it sold in Delaware infringed the '747 patent. (D.I. 7 at 3) Prior to *TC Heartland*, this denial could not have been based on the residency requirement.

5

venue. (D.I. 32 at 5-7) In reply, TADD notes that the *TC Heartland* decision issued when this case was stayed pending resolution of a Federal Circuit appeal, which prevented TADD from moving for transfer earlier. (D.I. 33 at 3)

TADD timely moved to transfer venue within a month of the court's order lifting the stay. Although the case was stayed while the parties awaited the Federal Circuit's opinion, which issued on July 16, 2018, the Federal Circuit did not issue its mandate until September 21, 2018. (D.I. 21) Blackbird subsequently took no action to reopen the case until February 2019. (*Id.*) TADD did not delay in bringing its venue motion three weeks later on February 26, 2019. (D.I. 25)

Blackbird relies on the court's decision in *Princeton Digital Image Corp. v. Ubisoft Entertainment SA*, which concluded that a motion to transfer venue filed eight months after the *TC Heartland* decision was untimely. C.A. No. 13-335-LPS-CJB, 2018 WL 3105062, at *5-6 (D. Del. June 25, 2018). However, the court's decision in *Princeton Digital* stressed the fact that the stay-related stipulation in place at the time *TC Heartland* issued was not a general, blanket stay of all matters relevant to the case, but instead was limited to fact discovery:

> Thus, at the time that the Supreme Court decided *TC Heartland* in May 2017, the stay on its face was limited to fact discovery. And so once *TC Heartland* issued, nothing about the wording of that stay, or its legal force, would have precluded [defendant] from timely filing a motion to dismiss based on improper venue.

*Id.* In contrast, the stay of the present matter involved a complete stay and administrative closure of the case pending the Federal Circuit's decision on appeal. (D.I. 16) In this regard, *Princeton Digital* is not sufficiently analogous to the circumstances presently before the court.

Finally, Blackbird contends that TADD waived its venue defense by taking steps to litigate in this venue. (D.I. 32 at 7-9) However, the record reflects that TADD's litigation

6

activity since the stay was lifted is limited to case management and scheduling activity. (D.I. 21) TADD did not participate in discovery as of the filing of the motion to transfer. Therefore, TADD cannot be said to have waived its venue defense by actively participating in the litigation.

Alternatively, Blackbird maintains that this court should retain venue consistent with its inherent authority and Federal Rule of Civil Procedure 1. (D.I. 32 at 9-12) The relevant authorities do not support Blackbird's position. Although the court may find forfeiture of a venue challenge in accordance with its inherent authority and Rule 1, the analysis still focuses on considerations of timeliness, including:

> (1) the length of the time gap from when the defense becomes available until it was asserted; (2) how near is the trial, which may implicate efficiency or other interests of the judicial system and of other participants in the case, and (3) whether the defendant employed a tactical wait-and-see [approach] bypassing . . . an opportunity to declare a desire for a different forum, where the course of proceedings might well have been altered by such a declaration [of the defense].

*Princeton Digital Image Corp. v. Ubisoft Entm't SA*, C.A. No. 13-335-LPS-CJB, 2018 WL 3105062, at *4 (D. Del. June 25, 2018) (internal quotation marks and citations omitted). For the reasons previously stated, TADD's venue challenge is not untimely, and it did not delay the submission of its venue challenge for tactical reasons. Moreover, trial is not scheduled to commence until April 2021, nearly two years from now. (D.I. 28 at 11) Blackbird argues that the court's retention of venue would be consistent with the speedy and inexpensive resolution of the case, but factors relating to the convenience of the parties and interests of justice are governed by § 1404(a), as opposed to § 1400(b). *See Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) (performing analysis under § 1404(a)); *In re Eli Lilly & Co.*, 541 F. App'x 993, 994 (Fed. Cir. 2013) (same).

7

## IV. CONCLUSION

For the foregoing reasons, I recommend that the court grant TADD's motion to transfer venue to the Northern District of Illinois. (D.I. 25)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: May 10, 2019

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE